CHARLES W. MOSHER ET AL. V. FARMERS & MERCHANTS NATIONAL BANK OF GALVA, ILLINOIS.

FILED MARCH 17, 1897.  No. 7179.

1. **Attachment: ACTIONS.** An action may be prosecuted to judgment when therein a writ of attachment has been allowed under which property has been seized. (*Cox v. Peoria Mfg. Co.*, 42 Neb., 660.)

2. **Evidence: EXECUTION OF NOTE.** When there is no other disputed question the signatures of defendants are sufficiently proved to allow of the receipt in evidence of a note alleged to have been signed by them when a witness, duly qualified to testify on that question, gives it as his opinion that the alleged signatures are genuine.

3. ——: ——: DIRECTING VERDICT. After a note had been introduced in evidence under the circumstances above indicated it was not erroneous for the court to direct a verdict in favor of plaintiff for the amount evidenced by such note, there being no evidence contradictory of that indicated.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J. *Affirmed.*

*Charles O. Whedon* and *C. E. Magoon*, for plaintiffs in error.

*Ricketts & Wilson, contra.*

RYAN, C.

On January 26, 1893, the Farmers & Merchants National Bank filed its petition in the district court of Lancaster county against C. W. Mosher and R. C. Outcalt. In this petition it was alleged that the defendants above named had, on January 17, 1893, executed to plaintiff their promissory note, whereby they agreed, six months after date, to pay to plaintiff the sum of $5,000, with ten per cent interest thereon from maturity; that no part of said note had been paid, and that on July 17, 1893, there would become due and be owing the sum of $5,000, with ten per cent interest thereon. Contemporaneously with the filing of said petition there was filed an affidavit such as is required by statute to justify the issuance of an attachment, which attachment accordingly was authorized by the judge of said district court. The prayer of the petition was for an order of attachment, and that the property of defendants might be held to answer for the judgment which finally might be recovered, and that, after the maturity of the note, plaintiff might have judgment in the sum of $5,000, with interest thereon as above indicated. To this petition a general demurrer was sustained. On September 19, 1893, there was filed a supplemental petition, by which it was alleged that the above described note had been made as hereinbefore stated, and that said note had fallen due on July 21, 1893; that no part of said note had been paid, and that there was due at the time of the filing of said supplemental petition the sum of $5,000, with interest thereon at ten per cent from July 17, 1893. There was a prayer for judgment for the amount of the principal and interest above alleged to be due. To this supplemental petition there was an answer in general denial. There was subsequently filed an amended petition *nunc pro tunc* as of date January 26, 1893, but this pleading requires no extended consideration. On the trial of the issues above indicated there was a verdict in accordance with a peremptory instruction to find for

plaintiff in the full amount claimed.   There was a judg-
ment on this verdict, and by their petition in error the
judgment defendants assail this judgment on various
grounds, which shall now receive our attention.

It is first insisted that a challenge should have been
sustained to a juror for cause, and that there was error
in admitting in evidence the affidavit and order of attach-
ment.   We confess our inability to see any good ground
for submitting to the jury this affidavit and order, but
the question in the case which overshadows and dwarfs
all others is whether or not the peremptory instruction
given was justifiable under the pleadings and proofs.   If
a verdict in view of these could not properly have been
different from that directed, it would have been useless
to consider mere matters of detail, which, in any event,
must be controlled by the solution of the paramount ques-
tion above indicated.

It is urged that by the original petition it was not al-
leged that the note was due, but, on the contrary, that it
thereby appeared that in fact it had not yet matured.   As
this action was begun aided by an attachment, its com-
mencement before the cause of action declared upon had
matured was authorized by statute.   (*Cox v. Peoria Mfg.
Co.*, 42 Neb., 660.)   The supplemental petition was filed
after the note had matured, and distinctly averred that
said note meantime had fallen due and that there was due
and unpaid the amount of principal and interest which
was evidenced by said note.   Issues were duly joined on
these averments and the condition of the pleadings enti-
tled plaintiff to a judgment if the proofs were sufficient
to sustain its averments of fact.   The question of fact as
to which it is claimed reasonable men might honestly dif-
fer was whether Mosher and Outcalt had signed the note
sued on.   Only one witness testified as to these signa-
tures, and his testimony was as follows:

Q. Are you acquainted with the signatures of these
two gentlemen?

A. Yes, sir.

Q. State if you know now whose signatures those are.

A. There is one signature which is not exactly as I have seen it written, and I would not like to swear to that signature.   The last name is perfect and identical, but of the signing of one letter there I find an objection.

Q. To which signature?

A. That is the first on the note.

Q. Do you know whose handwriting that is in?

A. Yes, sir.

Q. Well, you may state whose handwriting that is in.

A. The handwriting is that of C. W. Mosher.   The letter "W" is not made the way he usually made that letter in his signature.

Q. Well, you stated in whose handwriting it is?

A. Yes, sir;   the handwriting is perfect, except in that "W".

Q. That is not the way he usually made his "W"?

A. No, sir.

Q. Now look at the second signature and state if you know whose handwriting that is in.   Is that Mr. Outcalt's signature?

A. I think it is.

On his cross-examination the witness would not swear positively that the name C. W. Mosher was signed by that defendant.   The handwriting of R. C. Outcalt seemed perfect, he said, though he would not swear positively that he wrote it.   The witness was shown to be well acquainted with the handwriting of the defendants, and, as appears from the above examination, he gave it as his opinion that the signatures were genuine, though there was a variation from the general way of making one letter in the name of one of the parties.   His unwillingness to swear positively to the signatures as established facts tended to show that he testified with caution, yet nevertheless his opinion was that Mosher and Outcalt had signed the note in suit.   There was no other evidence on the point and we think this testimony was sufficient to justify the court in assuming that these signatures had

been sufficiently proved to entitle the note to be received in evidence. This being done, there could be no reasonable difference of opinion with respect to the liability; and hence the court properly instructed the jury as it did. The judgment of the district court is

AFFIRMED.